UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIAN HAUGER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SDWC FINANCIAL, LLC, a Florida limited liability corporation, and MEREDITH BRUCE, a Georgia individual,<br><br>Defendants. | Civil Action Case No.<br>1:25-cv-01058-VMC |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

    Plaintiff Brian Hauger files this memorandum in opposition to Defendants' Motion to Dismiss.

    As set forth below, Defendants' Motion to Dismiss is moot due to the filing of the Amended Complaint. Moreover, Defendants' counsel advised Plaintiff's counsel by email that Defendants intended to withdraw the Motion and refile it in response to the Amended Complaint at a later date.

    Accordingly, Plaintiff respectfully requests the Court deny the present Motion to Dismiss as moot.

1

**<u>Procedural History</u>**

Plaintiff filed the original Complaint on February 28, 2025. Defendants filed their Motion to Dismiss on May 5, 2025. Plaintiff then filed an Amended Complaint on May 27, 2025. Plaintiff's opposition to the Motion to Dismiss was due by June 2, 2025.[1]

The day after filing the May 27, 2028 Amended Complaint, undersigned counsel e-mailed Defendants' counsel asking whether Defendants intended to stand on the previously filed Motion to Dismiss, or withdraw the motion, and file a renewed motion in response to the Amended Complaint.[2] The undersigned noted that Plaintiff's response was due June 2nd, so a response that day would be appreciated. Defendants' counsel responded that same day, May 28th - "We will refile the MTD and withdraw the original one."

As of time of this filing of this Memorandum in Opposition, Defendants have not yet formally withdrawn their Motion to Dismiss. Accordingly, out of an abundance of caution, Plaintiff submits this Opposition.

---

[1] DE 19 Unopposed Motion for Extension of time 05/15/2024, and between DE 19 and DE 20, the Court's Order granting the motion to extend recorded on that same date 05/15/2025. The Order granting the Motion gave Plaintiff until June 2, 2025 to respond.
[2] See Exhibit 1 – Defendants' e-mail "We will refile the MTD and withdraw the original one."

**The Motion to Dismiss is Moot**

As this Court has recognized, the filing of an Amended Complaint renders a pending motion to dismiss moot. Trivedi v. Liberty Mut. Holding Co., Inc., No. 1:23-CV-03541-VMC, 2023 WL 11795661, at *1 (N.D. Ga. Nov. 8, 2023) ("Defendant LMHC's Motion to Dismiss primarily concerned the misnomer of LMHC, and the Court finds that such motion is mooted by the filing of the Amended Complaint and the granting of the Motion to Drop, so the Court will deny that motion as moot.")

> Under black letter federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). This means that "the original pleading is abandoned by the amendment[ ] and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted); see also Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016) (initial pleading "bec[o]me[s] a legal nullity")….

Auto-Owners Ins. Co. v. Tabby Place Homeowners Ass'n, Inc., 637 F. Supp. 3d 1342, 1349 (S.D. Ga. 2022).

The court in Beasley v. City of Atlanta, No. 1:11-CV-3801-AJB, 2012 WL 13012619, at *1 (N.D. Ga. Feb. 1, 2012) recognized the same black letter law.

> In their amended complaint—filed after Defendant's motion to dismiss—Plaintiffs state that "[t]his amendment is not intended to moot the City's motion to dismiss and simply incorporates factual allegations, exhibits, and facts that arose subsequent to the filing of Plaintiffs' original complaint." [Doc. 17 at 1]. **This amended complaint, however, superseded the original**

3

> **complaint.** *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of the United States*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading."). **Further, the amended complaint renders moot the motion to dismiss because that motion seeks to dismiss a pleading that has been superseded**. *See Renal Treatment Ctrs. v. Franklin Chevrolet*, No. 6:08-cv-87, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) **(noting that the motion to dismiss based "on a pleading that [was] entirely irrelevant" was moot where the pleading was superseded by an amended complaint)**; *Gulf Coast Recycling, Inc. v. Johnson Controls, Inc.*, No. 8:07-cv-2143, 2008 WL 434880, at *1 (M.D. Fla. Feb. 14, 2008) (**concluding that the motion to dismiss was moot following the filing of the amended complaint because "[a]n amended complaint completely supersedes the original complaint, and once a complaint is amended, the only issues before the Court are the ones raised in the text of the amended complaint**"); *Mizzaro v. Home Depot, Inc.*, No. 1:06-cv-11510, 2007 WL 2254693, at *3 (N.D. Ga. July 18, 2007) (Evans, J.) (dismissing as moot a motion to dismiss addressing the original complaint following defendants' acceding to the filing of an amended complaint). Plaintiffs evidently recognized this authority, [*see* Doc. 17 at 1 ("This amendment is not intended to moot the City's motion to dismiss....") ], but they did not cite any caselaw suggesting that the motion to dismiss could be found not moot. The motion to dismiss is therefore DENIED AS MOOT. [Doc. 15]. *Emphasis Added.*

<u>Beasley v. City of Atlanta</u>, No. 1:11-CV-3801-AJB, 2012 WL 13012619, at *1 (N.D. Ga. Feb. 1, 2012).

Accordingly, the Amended Complaint filed on May 27, 2025, rendered the Motion to Dismiss filed on May 5, 2025, moot.  In addition, Defendants expressly

represented their intent to withdraw the pending motion and refile it in response to the Amended Complaint. For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss as moot.

Dated: June 2, 2025

Respectfully Submitted,

/s/ Brian B. Pastor
Brian B. Pastor, Esq.
GA Bar No. 565860
Attorney for Plaintiff BRIAN HAUGER, individually
and on behalf of all others similarly situated
Sonn Law Group PA
3455 Peachtree Rd NE, Ste. 500
Atlanta, GA 30326
Tel: 305-912-3000 Ext. 538  Fax: 404-738-1505
E-Mail: BPastor@SonnLaw.com

Ross M. Good, Esq. *Admitted Pro Hac Vice*
IL Bar No. 6312917 and FL Bar No. 0116405
Shawn M. Good Esq. *Admitted Pro Hac Vice*
IL Bar No. 632932
Attorneys for Plaintiff BRIAN HAUGER, individually
and on behalf of all others similarly situated
The Good Law Group
800 E. Northwest Hwy, Ste 814
Palatine, IL 60074
Ph: (847) 577-4476 Fax: (800) 709-1179
Ross@thegoodlawgroup.com
Shawn@thegoodlawgroup.com

Jeffrey Sonn, Esq. *Admitted Pro Hac Vice*
Attorney for Plaintiff BRIAN HAUGER, individually
and on behalf of all others similarly situated
FL Bar No. 773514
Sonn Law Group PA

19495 Biscayne Blvd Suite 607
Aventura, Fl 33180
Tel 305-912-3000
Fax 786-485-1501
Jsonn@Sonnlaw.com

## Certification of compliance with Local Rule 7.1.

I, Brian Pastor, certify that the foregoing brief has been prepared a font and point selection approved by the Court in LR 5.1(B).

/s/ Brian B. Pastor, Esq.

## Certificate of Service

I, Brian Pastor, certify that on this day of June 2, 2025, I caused the foregoing to be served upon counsel of record for the parties by and through the ECF System.

/s/ Brian B. Pastor, Esq.

Date: 05/27/2025