THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIAN HAUGER, ) | |
| ) | Civil Action Case No. |
| Plaintiff, ) | |
| ) | 1:25-cv-01058-VMC |
| v. ) | |
| ) | |
| SDWC FINANCIAL, LLC and ) | |
| MEREDITH BRUCE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

Defendants SDWC Financial, LLC ("SDWC") and Meredith Bruce ("Bruce") hereby file this Reply in Support of their Motion to Stay Proceedings:

**INTRODUCTION**

This case must be stayed under the plain terms of the Receivership Order, which bars proceedings "involving" the Receivership Defendant Drive Planning, its agents, or its property. Plaintiff's suit falls squarely within that scope. It targets conduct allegedly carried out by Defendants, whom Plaintiff alleged were Drive Planning's agents, and seeks the same funds the Receiver is pursuing in a parallel action.

Faced with this reality, Plaintiff now tries to retract his own allegations and downplay the clear overlap. But those efforts are unavailing. Plaintiff cannot

rewrite his Amended Complaint through briefing, nor sidestep the Receivership Order's clear mandate. This Court should stay this case.

## ARGUMENT

### I. Plaintiff's Attempts to Recast This Ancillary Proceeding Are Unavailing.

The Receivership Order enjoins and stays all "Ancillary Proceedings," defined as "[a]ll civil legal proceedings of any nature, including, but not limited to" actions "involving," *inter alia*, "any Receivership Property, wherever located," the "Receivership Defendant" (*i.e.*, Drive Planning), or Drive Planning's "past or present. . . agents." *SEC v. Drive Planning, LLC and Russell Todd Burkhalter*, No. 1-24-cv-03583, Doc. 10 (N.D. Ga. 2024) ("Receivership Order") ¶ 32. Plaintiff attempts to circumvent the Receivership Order by running away from the allegations in his own Amended Complaint and ignoring Defendants' arguments.

**A. Having Pled an Agency Relationship, Plaintiff Cannot Now Deny It.**

Plaintiff claims that Defendants "insist" they are agents of Drive Planning. [Doc. 30] Resp. at 5. But it is *Plaintiff* who repeatedly alleged this in his Amended Complaint. *See, e.g.*, [Doc. 20] Am. Compl. ¶ 15 ("Burkhalter and Drive Planning paid sales agents, including SDWC and Bruce . . ."); *id*. ¶ 57 ("On June 24, 2024, Burkhalter sent an email to Defendants and other agents representing Drive Planning . . ."); *id*. ¶ 122 ("The Drive Planning investments were unregistered securities, not exempt from registration, sold by unlicensed agents and broker-

dealers like Defendants."). *See also*, *e.g.*, *id.*, ¶¶ 17; 31; 59 (referring to Defendants as "agents" of Drive Planning). Now, faced with the prospect of a stay, Plaintiff attempts to distance himself from his own allegations, claiming that his allegations about Defendants in his Amended Complaint were merely a "label" or "after-the-fact characterization." Resp. at 6.

But Plaintiff cannot amend his pleading via his Response. *See Gibbons v. McBride*, 124 F. Supp. 3d 1342, 1381 (S.D. Ga. 2021) ("A complaint may not be amended by briefs in opposition to a motion to dismiss" (collecting cases)); *Pittman v. State Farm Fire & Cas. Co.*, 662 F. App'x 873 (11th Cir. 2016) (explaining that "if a plaintiff wishes to amend his complaint, he 'must either attach a copy of the proposed amendment to the motion [for leave to amend] or set forth the substance thereof.'" (quoting *Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006)). Thus, Plaintiff's own descriptions of Defendants as "agents" control.

## B. Plaintiff Fails to Address Defendants' Argument That This Proceeding "Involves" Drive Planning or Its Property.

Plaintiff is silent regarding Defendants' arguments that this is an Ancillary Proceeding because it "involves" Drive Planning and its property. *See* [Doc. 29] Motion at 2-3. Even if Defendants were not agents of Drive Planning, this lawsuit remains an Ancillary Proceeding under the terms of the Receivership Order.

3

## II. The *Wencke* Factors Do Not Weigh Against a Stay.

Implicitly recognizing that the Receivership Order necessitates a stay of this proceeding, Plaintiff argues that even if a stay is warranted, this Court can lift the stay based on the factors in *SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984). But the *Wencke* factors do not weigh in favor of Plaintiff's position.

***Wencke* Factor 1**. The first factor is whether refusing to lift the stay genuinely preserves the status quo. *Wencke* at 1231. Here, the relief Plaintiff seeks pits his interests in direct competition with the Receiver. At least one of Plaintiff's claims seeks disgorgement of money Drive Planning paid to Defendants.

The Receiver likewise is laying claim to the same payments. Allowing the case to proceed would promote a perverse competition between Plaintiff's counsel and the Receiver, which is at odds with the goal of the Receivership Order. *See Hill v. Duscio*, No. 16-cv-04767, 2017 WL 10795024, at *2 (N.D. Ga. Mar. 31, 2017) (recognizing that the goal of an SEC receivership litigation injunction is "to give the receiver a chance to do the important job of marshaling and untangling a company's assets without being forced into court by every investor or claimant" (internal quotation marks and citation omitted)).

Plaintiff's allegations also make the Receivership Defendant central to their claims. Plaintiff's claims cannot be fully adjudicated without testimony and information obtained from the Receivership Defendant and third-party claims

4

asserted against the Receivership Defendant and its officers. *See, e.g.*, *Dwyer v. Cap. Invs. Mgmt. LLC*, No. 23-cv-00003, 2023 WL 9039526, at *7 (D.N.J. Dec. 29, 2023) (staying action pursuant to SEC receivership injunction, *inter alia*, because crossclaims implicated receivership defendants).

Plaintiff's citation to the out-of-district report and recommendation in *SEC v. BKCoin Mgmt., LLC*, No. 23-CV-20719, 2024 WL 2874857, at *7 (S.D. Fla. May 17, 2024), *report and recommendation adopted*, No. 23-20719-CIV, 2024 WL 3013632 (S.D. Fla. June 14, 2024), is inapposite. First, the plaintiff in *BKCoin* was the first to bring the alleged malfeasance to light. It did not follow the SEC's action as is the case here. *Id.* at *2. The *BKCoin* plaintiff filed suit several months before the SEC filed its own lawsuit. Thus, unlike this case, the claims in *BKCoin* did not violate a Receivership Order.

Second, once the district court in *BKCoin* entered the SEC's receivership order and its stay and injunction provisions took hold, the plaintiff's litigation was indeed stayed.

Third, when the plaintiff moved for relief from the stay, the court denied that motion. *Id.*

Fourth, when the magistrate judge revisited its ruling more than a year later and finally did grant relief, it did so largely because the plaintiff's claims would "not affect the Receivership or any Receivership assets, nor [would] it affect the

5

SEC's litigation against Defendants." *Id*. at *7.

Here, Plaintiff's claims seek – at least in part – the same relief as the Receiver's, resulting in a competition that undermines the wide berth this Court gave the Receiver. Moreover, Plaintiff has not plausibly shown he would be prejudiced by a stay. Plaintiff merely gestures at discovery delays, memories fading, and hypothetical "undiscovered claims" becoming time-barred. Resp. at 8. These speculative considerations do not outweigh the actual judicial economy concerns and the potential for conflicting decisions that would arise from proceeding with this case.

***Wencke* Factor 2**. The second factor is the time in the course of the receivership at which the motion for relief from the stay is made. *Wencke* at 1231. Plaintiff claims this factor "prejudices no one." Resp. at 9. Not true. The receivership was instituted last year, and the Receiver is currently addressing many of the same claims and issues that Plaintiff has raised. *See Murena v. CQ Consulting Services, LLC et al*., No. 1-25-cv-04587, Doc. 1 ("Receiver Suit Compl.").

On June 23, 2025, the SEC and Burkhalter jointly moved in the SEC action to extend the discovery period, arguing that additional time is needed because the "parties and the Receiver are still working to resolve the outstanding issues in this complex case." *See SEC v. Drive Planning*, No. 1-24-cv-03583, Doc. 136. This

Court granted the extension on June 25, 2025, extending the discovery period through October 14, 2025. On August 13, 2025, the Receiver filed an Ancillary Complaint in the Receiver Action seeking alleged "improper and illegal commissions. . . that [are] at the heart of [the SEC Action]." *See* Receiver Suit Compl. Because the Receiver's work is ongoing, and Plaintiff's claim involves the same parties, property, and legal issues present in the Receivership case, the second factor weighs heavily in favor of enforcing the injunction and stay provisions. *See, e.g*. *Dwyer*, 2023 WL 9039526, at *7 (staying action, *inter alia*, because plaintiffs' claims "stem from" the receiver defendants' inducement of the investor and potentially involved receivership money).

***Wencke* Factor 3**. The third factor is the merit of the moving party's underlying claim. *Wencke* at 1231. Where the first two factors weigh heavily against relief from the injunction and stay provisions, as they do here, courts often do not evaluate the merit of the plaintiff's claims. *See, e.g.*, *SEC v. Byers*, 592 F. Supp. 2d 532, 537 (S.D.N.Y. 2008), *aff'd*, 609 F.3d 87 (2d Cir. 2010). Even so, for the reasons discussed in Defendants' Motion to Dismiss [Doc. 22], Plaintiff has failed to establish he has "colorable claims to assert which justify lifting the receivership stay." *United States v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 444 (3d Cir. 2005) (citing *Wencke* at 1232).

### III. The Receiver's Lawsuit Involves Overlapping Claims.

Plaintiff claims that while "there may be some overlap between the facts of this case and the action filed by the Receiver against Defendants and others similarly situated, there is no overlap between the claims alleged and the damages sought." Resp. at 11. But Plaintiff completely ignores the overlapping claims Defendants identified in their Motion. The Receiver has brought an unjust enrichment claim under Georgia common law (Receiver Suit Compl. ¶¶ 349-374) that is substantially identical to Plaintiff's unjust enrichment claim in this action. Am. Compl. ¶¶ 125-130. Both unjust enrichment claims allege that Defendants' commissions from Drive planning were unjust benefits. *Compare* Receiver Suit Compl. ¶ 359, *with* Am. Compl. ¶¶ 126, 128. Plaintiff's silence in the face of this argument is telling and shows the lawsuits share more than just facts in common.

Moreover, as a practical matter, Plaintiff's argument that the cases are not overlapping will easily be disproven if this case moves forward. For example, Plaintiff cannot quantify his damages against Defendants for his unjust enrichment claim until he knows how much money he will receive from the Receiver's recovery efforts. Plaintiff is not entitled to a double recovery.

WHEREFORE, Defendants respectfully request that this Court grant their Motion to Stay.

Respectfully submitted this 23rd day of September, 2025.

        **s/ Jeffrey D. Horst**
Jeffrey D. Horst
Georgia Bar No. 367834
Jessica G. Cino
Georgia Bar No. 577837
Sada Jacobson Baby
Georgia Bar No. 307214
**KREVOLIN & HORST, LLC**
1201 W. Peachtree Street, N.W.
Suite 3500, One Atlantic Center
Atlanta, Georgia 30309
(404) 888-9700
horst@khlawfirm.com
cino@khlawfirm.com
baby@khlawfirm.com
*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed ***Defendants' Reply in Support of Motion to Stay Proceedings*** by using the Court's CM/ECF filing system, which will automatically provide service of such filing to all parties of record.

This 23rd day of September, 2025.

**s/ Jeffrey D. Horst**
Jeffrey D. Horst
*Counsel for Defendants*
